UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINA McCUNE,<br><br>                        Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>                        Defendant. | CASE NO. 10-cv-5074RJB<br><br>ORDER |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrates Rule MJR 4(a)(4); and, as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. (<u>See</u> ECF Nos. 24, 33, 36.)

After considering and reviewing the record, the undersigned concludes that the new material at issue that was submitted by plaintiff to the Appeals Council was not considered by the Appeals Council in the context of denying plaintiff's request for review, and as a result, may not be considered properly by the Court. Therefore, plaintiff's motion to correct the record to include new material dated after the decision by ALJ Schellentrager is denied.

ORDER - 1

## BACKGROUND

Plaintiff was born on June 23, 1964. (Tr. 69.) She has work experience in restaurants and doing pedicures for senior citizens. (Tr. 24.)

## PROCEDURAL HISTORY

On January 29, 2003, plaintiff filed applications for social security and supplemental security income benefits, alleging disability since May 1, 2000. (Tr. 69-72.) Plaintiff's applications were denied initially, and on reconsideration. (Tr. 60-61, 63-66.) On October 27, 2004 plaintiff filed an application for disability insurance benefits, and on October 28, 2004, she applied for supplemental security income. (Tr. 12.) Again, plaintiff's applications were denied initially and on reconsideration. (Tr. 53-54, 56-59, 550-51.) Plaintiff requested a hearing, and a video hearing was held on December 18, 2007 before Administrative Law Judge Marguerite Schellentrager (hereinafter "ALJ Schellentrager"). (Tr. 566-605.) On March 4, 2008, ALJ Schellentrager issued a decision in which she found plaintiff not disabled. (Tr. 12-28.)

On September 26, 2008, plaintiff filed a statement of contention with the Appeals Council, and requested an additional thirty days within which to submit new evidence. (Supp. Tr. 3-4.) In approximately May, 2009, plaintiff submitted over sixty-eight pages of medical records, many of which were dated after the decision by ALJ Schellentrager. (See ECF No. 33, p. 2.) On December 2, 2009, the Appeals Council denied plaintiff's request for review. On August 13, 2010, the Appeals Council sent plaintiff a letter, indicating that it had considered evidence dated March 23, 2008, and evidence of results covering the period from April 11, 2007 through March 3, 2008. (Supp. Tr. 1.) This information is included in the administrative record.

However, the Appeals Council also "looked at medical records covering the period March 5, 2008 through January 1, 2009." (Id.) Apparently, because this new information related

to a period of time after the ALJ's decision, the Appeals Council indicated its conclusion that this second set of new evidence did "not affect the decision about whether you were disabled . . . . before March 4, 2008." (Id.) The Appeals Council suggested that plaintiff could use this new material in a new claim, and returned this portion of the new evidence to plaintiff.

On February 4, 2010, plaintiff filed the underlying complaint. (ECF No. 3.) On April 30, 2010, the Commissioner filed a Sealed Administrative Record with the Court. (See ECF No. 9.) On June 16, 2010, the attorney for plaintiff contacted the attorney for defendant to inform her that the transcript was missing evidence that had been submitted to the Appeals Council. (See ECF No. 24, at p. 2.) On September 17, 2010, defendant filed a Sealed Administrative Record (ECF No. 20), which still did not include the portion of the evidence sent to the Appeal Council that was dated after the decision by the ALJ. (See ECF No 24, at p. 2.) On November 17, 2010, plaintiff filed a motion to correct the record. (ECF No. 24.) On December 16, 2010, defendant filed a response, and on January 6, 2011, plaintiff filed a reply. (ECF Nos. 33, 36.)

## STANDARD OF REVIEW

The Appeals Council shall consider new and material evidence submitted to it "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). According to 20 C.F.R. § 404.970(b), "[t]he Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision." This regulation also provides that if a claimant submits "evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to [the claimant] with an explanation as to why it did not accept the additional evidence." Id.

The Ninth Circuit reviewed on appeal an ALJ's decision, and also considered in this review, "the additional material submitted to the Appeals Council." Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) (*citing* Bates v. Sullivan, 894 F.2d 1059, 1063-64 (9th Cir. 1990); 20 C.F.R. § 404.970(b)). In Ramirez, the Appeals Council had reached its decision declining to review the decision of the ALJ "after considering the case on its merits; examining the entire record, including the additional material; and concluding that the ALJ's decision was proper and that the additional material failed to 'provide a basis for changing the hearing decision.'" Id. The Ninth Circuit considered the additional material submitted to the Appeals Council, in part, because the Appeals Council had examined the additional material, and had indicated specifically that this additional material did not provide a basis for changing the decision of the ALJ. Id.; see also Harmen v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000) (*citing* Ramirez, 9 F.3d 1449) (when reviewing a decision by an ALJ, it is proper to consider additional material submitted to the Appeals Council where "the Appeals Council [has] addressed [the additional material] in the context of denying [claimant's] request for review").

## DISCUSSION

Here, the Appeals Council indicated specifically that it had looked at, but not considered, the additional material dated after the ALJ's decision. (Supp. Tr. 2.) The Appeals Council further indicated that this additional material was not considered in making its conclusion regarding review because the additional material "does not affect the decision about whether [plaintiff] w[as] disabled" on or before the date of the ALJ's decision (Id.) The Appeals Council suggested that plaintiff could use the material in a new claim. Here, the new material was dated after the decision by ALJ Schellentrager. The Court finds that the Appeals Council must have concluded

that the new material does not relate to the period on or before the date of ALJ Schellentrager's decision. (See id.)

New and material evidence submitted to the Appeals Council shall be considered by the Appeals Council "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). In addition, new evidence may be considered properly by the reviewing court where "the Appeals Council [had] addressed [the additional material] *in the context of denying [claimant's] request for review*." Harmen, 211 F.3d at 1180 (*citing* Ramirez, 9 F.3d 1449) (emphasis added). This Court concludes that the new material was not considered by the Appeals Council in the context of denying plaintiff's request for review, but was considered by the Appeals Council in the context of determining whether or not it related to the period on or before the date of the decision. Therefore, this new evidence may not be considered properly by the Court. See Harmen, 211 F.3d at 1180. For these reasons, plaintiff's motion to correct the record is denied.

## CONCLUSION

For the aforestated reasons, plaintiff's motion to correct the record to include new material dated after the decision by ALJ Schellentrager is denied.

Dated this 18th day of January, 2011.

J. Richard Creatura
United States Magistrate Judge