UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINA McCUNE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security<br>Administration,<br><br>Defendant. | CASE NO. 10-cv-5074-RJB-JRC<br><br>REPORT AND<br>RECOMMENDATION ON<br>PLAINTIFF'S MOTION FOR<br>ATTORNEY FEES AND EXPENSES<br>PURSUANT TO THE EAJA<br><br>Noted for August 12, 2011 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrates Rule MJR 4(a)(4); and, as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter is before the Court on Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA"). (<u>See</u> ECF No. 46). This matter has been fully briefed. (<u>See</u> ECF Nos. 46, 47, 48.)

After considering and reviewing the record, the undersigned finds that although the government's position was not substantially justified and no special circumstances make an

award of attorney fees unjust, the significance of the overall relief obtained was not commensurate with the hours expended in this matter. Therefore, the undersigned recommends that plaintiff should be granted a total EAJA award of $8,181.64, which is an approximate 20% reduction from the amount requested by plaintiff.

## BACKGROUND

Plaintiff, CHRISTINA MCCUNE, was born in 1964 (Tr. 69). Plaintiff finished 11th grade, but quit school during her senior year, because of "problems related to family life and a boyfriend" (Tr. 375.) Plaintiff was unable to acquire her G.E.D. after taking some classes, as it was "too difficult and too expensive." (Tr. 375, 455). Plaintiff has work experience tending bar in restaurants and doing pedicures for senior citizens. (Tr. 14, 340.)

## PROCEDURAL HISTORY

On January 29, 2003, plaintiff filed applications for social security and supplemental security income benefits, alleging disability since May 1, 2000. (Tr. 69-72.) Plaintiff's applications were denied initially and on reconsideration. (Tr. 60-61, 63-66.) On October 27, 2004 plaintiff filed an application for disability insurance benefits and on October 28, 2004, she applied for supplemental security income. (Tr. 12.) Plaintiff's applications were denied initially and on reconsideration. (Tr. 53-54, 56-59, 550-51.) Plaintiff requested a hearing, and a video hearing was held on December 18, 2007 before Administrative Law Judge Marguerite Schellentrager (hereinafter "the ALJ"). (Tr. 566-605.) On March 4, 2008, the ALJ issued a decision in which she found plaintiff not disabled. (Tr. 12-28.)

On December 2, 2009, the Appeals Council denied plaintiff's request for review, making the March 4, 2008 written decision by the ALJ the final decision subject to judicial review. See

20 C.F.R. § 404.981. On February 4, 2010, plaintiff filed the underlying complaint, seeking review of the March 4, 2008 written decision by the ALJ. (ECF No. 3.)

On March 3, 2011, the undersigned concluded that the ALJ failed to consider the medical evidence properly and recommended that the underlying Social Security matter be reversed and remanded to the administration for further consideration (Report and Recommendation ("R&R") on Plaintiff's Complaint, ECF No. 43). On March 25, 2011, the Court adopted the Report and Recommendation of the undersigned and ordered that this matter be reversed and remanded to the Social Security Administration (Order Adopting R&R on Plaintiff's Complaint, ECF No. 44). Judgment was entered for plaintiff and the case was closed on March 29, 2011 (ECF No. 45).

## STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") provides, in relevant part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing* Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. See Hensley, supra, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because she received a remand of the matter to the administration for further consideration (see R&R on Plaintiff's Complaint, ECF No. 43; Order Adopting R&R on Plaintiff's Complaint, ECF No. 44.) See Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (*citing* Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993)). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant explicitly conceded that the government's position was not substantially justified. (See Defendant's Response to Plaintiff's EAJA Motion for Fees, ECF No. 47, p. 2.)

The Court agrees. (See id.). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the

medical and lay evidence, among other positions. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. See Guitierrez v. Barnhart, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. See 28 U.S.C. § 2412(b); see also Hensley, supra, 461 U.S. at 433, 436-37.

Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." Hensley, supra, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, supra, 461 U.S. at 433. However, the "product of reasonable hours times a reasonable rate does not end the inquiry." Id. at 434. The Court concluded that the "important factor of the 'results obtained'" may lead the district court to adjust the fee upward or downward. Id. The Court stated that this factor particularly is "crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Id. (noting that other relevant factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate") (other citation omitted).

The factor of "results obtained" may not be relevant, particularly when there is only a single claim in an appeal of a Social Security matter. See Hensley, supra, 461 U.S. at 435. When the case involves a "common core of facts or will be based on related legal theories . . . . the

1 district court should focus on the significance of the overall relief obtained by the plaintiff in
2 relation to the hours reasonably expended on the litigation." Id. The Supreme Court concluded
3 that where a plaintiff "has obtained excellent results, his attorney should recover a fully
4 compensatory fee." Id.

The Court does not agree with defendant's characterization of plaintiff's relief here as partial success. Plaintiff here obtained "excellent results." See Hensley, 461 U.S. at 435. The Court did not rule against plaintiff's interest in any way that limits plaintiff's ability to obtain a finding of disability following remand. Although the Court did not remand for a direct award of benefits and did not order that the matter be assigned to a different ALJ following remand, plaintiff will obtain review of all of the issues that were originally decided against plaintiff by the ALJ in the written decision reviewed by this Court. Similarly, although the Court did not grant plaintiff's motion to correct the record regarding new evidence submitted to the Appeals Council, the Court also concluded that "the ALJ should consider the new evidence following remand." (R&R on Plaintiff's Complaint, ECF No. 43, p. 16.) Therefore, plaintiff achieved a measure of success on this latter issue.

In addition, Defendant would have this Court engage in division of plaintiff's requested attorney fees on the basis of specific, individual issues and arguments raised by plaintiff in order to determine the reasonableness of the fee (see Defendant's Response to Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the EAJA, ECF No. 47, pp. 4-5, 6-7). This request by defendant would be contrary to the Court's general reluctance to consider these matters in piece-meal fashion and is not supported by Supreme Court precedent. See Comm'r, INS v. Jean, 496 U.S. 154, 161-62 (1990) ("While the parties' posture on individual matters may be more or less justified, the EAJA . . . . favors treating a case as an inclusive whole, rather than as atomized

line-items"); Hensley, supra, 461 U.S. at 435 (when a plaintiff has achieved excellent results, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit").

Defendant also argues that experienced practitioners in disability practice should be able to handle routine cases in 20-40 hours (see Defendant's Response to Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the EAJA, ECF No. 47, p. 7), arguing that "there is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on handling the entire social security case that does not present particular difficulty" (id. at p. 5 n.2). The Court does not agree entirely with this argument. The district courts within the Ninth Circuit have not come to any consensus that only EAJA fee requests representing less than 40 attorney hours in "typical" social security appeals are reasonable. See, e.g., Johnson v. Astrue, 134 Soc. Sec. Rep. Service 4, 2008 U.S. Dist. LEXIS 68681 at *5, 9-10 (N.D. Cal. 2008) (although defendant Commissioner contended that 47 hours of time was unreasonable on a social security appeal that was fairly routine and not overly complex, the court awarded fees representing 57 hours, as it disagreed with Commissioner's contention and awarded 10 additional hours for the time plaintiff's attorney expended replying to defendant's response to plaintiff's request for fees); see also Burleson v. Astrue, 139 Soc. Sec. Rep. Service. 540, 2009 U.S. Dist. LEXIS 36782, 2009 WL 364115 at *3 (W.D.Wash. 2009) ("There is no hard-and-fast cap on attorney fee awards at 40 hours") (*citing* Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 n.2 (C.D.Cal. 2000)) (other citation omitted).

Defendant argues that plaintiff's counsel "has also developed a pattern of filing similar 'Appendix Evidence Summaries' in other cases in this district, which raises the question whether the creation of such appendices are truly justified or whether they represent excessive billing and

overkill" (Defendant's Response, ECF No. 47, p. 6). Although the Court has observed this practice by plaintiff's attorney and has noted the regular practice of plaintiff's attorney to file very long briefs to this Court, it is not appropriate to consider what has occurred in other cases when deciding the amount of a reasonable "fully compensatory" fee in this particular matter. See Hensley, supra, 461 U.S. at 429.

Finally, defendant objects to plaintiff's expenditure of 12.6 attorney hours drafting "documentary evidence" in this case, in addition to the 24.2 hours expended drafting the Opening Brief (Defendant's Response to Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the EAJA, ECF No. 47, p. 5-6). The Court again notes that according to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, supra, 461 U.S. at 433. Therefore, the Court finds it appropriate to consider specifically the number of hours reasonably expended on this matter. See id.

A review of plaintiff's Time and Expense Reports reveals a total of 64.5 hours of EAJA time (voluntarily reduced to 54.5 hours of attorney time on the underlying matter and 3 hours defending the EAJA motion) and a requested total EAJA fee of $10,065.95 (EAJA Motion, ECF No. 46, Time and Expense Report, Attachment 2; EAJA Reply, ECF No. 48, Second Attorney Declaration, Attachment 1.) Included in this time was 13.6 hours drafting documentary evidence, which was attached as a nineteen page appendix to plaintiff's Opening Brief, as well as 24.2 hours drafting the twenty-three page Opening Brief (Plaintiff's Motion for Attorney Fees and Expenses pursuant to the EAJA, ECF No. 46, Time and Expense Report, Attachment 2; see also EAJA Reply, ECF No. 48, p. 3 (billing judgment reduction of 7 hours "to compensate for the time expended on the unsuccessful motion" to correct the record)). Defendant also asserts

1  that plaintiff did not inform counsel for defendant of her intention to file an over-length brief.

2  The Court notes that plaintiff did not receive permission from this Court to file an over-length

3  brief, which is required by Local Rule CR 7(f).

4  The Court's Order Setting Briefing Schedule in this case specifies that the "length of the

5  briefing shall conform to Local Rule CR 7(e)(3)" (ECF No. 14). Therefore, according to Local

6  Rule CR 7(e)(3), the Opening Brief and the Response Brief "shall not exceed twenty-four

7  pages." Although plaintiff provides arguments to attempt to justify the length of the Opening

8  Brief and Appendix, plaintiff does not provide any reason for her failure to inform counsel for

9  defendant of her intention to file an over-length brief. Additionally, plaintiff does not attempt to

10 justify the failure to seek this Court's permission to file an over-length brief. According to Local

11 Rule CR 7(f), motions seeking approval to file an over-length motion or brief "shall be filed as

12 soon as possible but no later than three days before the underlying motion or brief is due."

13 Therefore, the Court concludes that plaintiff violated this Court's Order, Local Rule CR 7(e)(3)

14 and Local Rule CR 7(f) (see Order Setting Briefing Schedule, ECF No. 14).

15 Plaintiff's relevant arguments on this issue include plaintiff's assertion that the transcript

16 in this case was long (Plaintiff's Reply in support of EAJA Motion, ECF No. 48, p. 4). The Court

17 does not agree that the transcript was exceptionally long in this case. Plaintiff also contends that

18 her file was never organized into exhibits prior to the ALJ hearing (see id., p. 4). The Court also

19 notes plaintiff's contention that the ALJ's decision was not cleanly printed, negating plaintiff's

20 ability to process it using Optical Character Recognition, which would have allowed for accurate

21 searching as well as the ability to cut and paste (id.).

22 Based on a review of the relevant record, the Court finds that the vast majority, if not all,

23 of the facts and evidence necessary for a review of this matter were referenced within plaintiff's

24

1 | Opening Brief (see Plaintiff's Opening Brief, ECF No. 23, pp. 3-22). For example, plaintiff cites
2 | evidence from Dr. Wheeler's report in the context of her argument regarding the ALJ's review of
3 | the medical evidence (id. at p. 9). This practice assists the Court in reviewing the relevant facts
4 | and evidence in the context of plaintiff's argument and therefore is a favored approach. However,
5 | plaintiff's Appendix also includes a recitation of Dr. Wheeler's opinion and some of this
6 | recitation is duplicative (see id., Appendix, pp. 7-8). The Court generally reviews medical
7 | opinions, as well as hearing testimony, first hand. Therefore, a recitation of the contents of the
8 | administrative record in an appendix, in general, does not provide much assistance to the Court.
9 | The Court also finds that the particular Appendix in this matter did not provide much assistance
10 | to the Court.

11 | Based on a review of the relevant record, the Court finds that the 13.6 hours requested for
12 | the preparation of plaintiff's description of the record in her Appendix are redundant or
13 | otherwise excessive and unnecessary. In addition, the Court finds that the amount of hours
14 | requested overall for this matter, even after subtraction of 13.6 hours for the Appendix, still is
15 | excessive. According to the Supreme Court, counsel "for the prevailing party should make a
16 | good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise
17 | unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from
18 | his fee submission." Hensley, supra, 461 U.S. at 434.

19 | Therefore, given the direction by the Supreme Court to focus on "the significance of the
20 | overall relief obtained in relation to the hours reasonably expended" and based on a review of the
21 | relevant record, the Court concludes that recovery of the full fee requested by plaintiff here
22 | would not be reasonable. See Hensley, supra, 461 U.S. at 435. Although plaintiff obtained
23 | excellent results, when considered in light of "the hours reasonably expended," the Court

| | |
|---|---|
| 1 | concludes that 54.5 attorney hours were not expended reasonably on the underlying social |
| 2 | security matter here. See id. Therefore, the Court should reduce the EAJA award. See id. |
| 3 | The Court notes that plaintiff already has reduced the attorney time by 7 hours as a |
| 4 | "billing judgment reduction" (ECF No. 46, Time and Expense Report, Attachment 2) "to |
| 5 | compensate for the time expended on the unsuccessful motion" to correct the record (EAJA |
| 6 | Reply, ECF No. 48, p. 3). However, even with consideration of this reduction, plaintiff's initial |
| 7 | EAJA fee request of $9,540.77 for 54.5 hours still is unreasonably large for this particular case |
| 8 | (see id.). The Court should reduce this amount by 20% ($1,908.15, ~11 attorney hours) to |
| 9 | $7,632.62 for the underlying social security matter. The requested EAJA award for $23.84 in |
| 10 | expenses is not objected to and the Court specifically finds it to be reasonable. The Court also |
| 11 | finds reasonable plaintiff's request of additional attorney fees in the amount of $525.18, |
| 12 | representing three hours for the preparation of plaintiff's Reply in support of her Motion for |
| 13 | Attorney Fees and Expenses Pursuant to the EAJA (ECF No. 48). |
| 14 | Based on a review of the relevant record, including Plaintiff's Time and Expense |
| 15 | Reports, the Court should award plaintiff a total of $8,157.80 in attorney fees and $23.84 in |
| 16 | expenses pursuant to the EAJA. See Hensley, supra, 461 U.S. at 435. |
| 17 | The United States Supreme Court has concluded "that a [28 U.S.C.] § 2412(d) fees award |
| 18 | is payable to the litigant." Astrue v. Ratliff, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at |
| 19 | ***6-***7 (2010). The Supreme Court also concluded that such a fees award, therefore, is |
| 20 | "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United |
| 21 | States." Id. |
| 22 | The undersigned concludes that the attorney fees and expenses award requested here |
| 23 | pursuant to the EAJA is "a § 2412(d) fees award [and therefore] is payable to the litigant." Id. |
| 24 | |

However, if the EAJA attorney fees award is not subject to any government offset, because of the assignment of this award by plaintiff to her attorney in this case, the EAJA award here properly is payable to plaintiff's attorney in the absence of an offset (see Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the EAJA, ECF No. 46, Declaration of Christina McCune Regarding Net Worth and Payment of EAJA Fees, Attachment 3).

## CONCLUSION

The undersigned has reviewed the relevant record, including the Time and Expense Reports submitted by plaintiff's counsel, and concludes that plaintiff's counsel has met his burden to supply sufficient evidence to allow for a review of the hours worked and the fees requested. In addition, no special circumstances make an award of reasonable attorney fees unjust and the position of the United States overall was not substantially justified.

The undersigned also concludes that an EAJA award of $8,157.80 in attorney fees and $23.84 in expenses is reasonable based on "the significance of the overall relief obtained in relation to the hours reasonably expended." See Hensley, supra, 461 U.S. at 434, 435; see also 28 U.S.C. § 2412(d)(1)(A). Therefore, the undersigned recommends that the Court award to plaintiff $8,181.64 pursuant to the EAJA, 28 U.S.C. § 2412(d).

The EAJA fees and expenses award is subject to any offsets allowed under the Treasury Offset Program. See Ratliff, supra, 130 S. Ct. at 2524. Therefore, the Commissioner should contact the Department of Treasury after the Order for EAJA fees and expenses is entered, in order to determine whether or not the fees and expenses award is subject to any offset. If it is not subject to any offset, pursuant to the assignment of this award by plaintiff to her attorney, payment of this award should be made via check payable to Eitan Kassel Yanich, *Esq.*, at Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501. The same

procedure should be followed for any remainder if the fees and expenses award is subject to a partial offset.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 12, 2011 as noted in the caption.

Dated this 21st day of July, 2011.

J. Richard Creatura
United States Magistrate Judge